CLERK'S OFFICE
A TRUE COPY
Sep 24, 2026
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the
Eastern District of Wisconsin

In the Matter of the Search of:

DNA Sample by Buccal Swab and Fingerprints taken from MARLENA LARSON (DOB: 06/07/1975)

Case No. 26-MJ-519 (SCD)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Eastern District of Wisconsin:

See attachment A-2.

I find that the affidavit(s) or any recorded testimony, establish probable cause to search and seize the person or property described above and that such search will reveal:

See attachment B.

**YOU ARE COMMANDED** to execute this warrant ON OR BEFORE 10-8-26 *(not to exceed 14 days)*

☒ in the daytime between 6:00 a.m. and 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Honorable Stephen C. Dries .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐for ______ days (not to exceed 30) ☐ until, the facts justifying, the later specific date of ____________________.

Date and time issued: 9-24-26. 9:20 am

Stephen C. Dries
*Judge's signature*

City and State: Milwaukee, Wisconsin

Honorable Stephen C. Dries , U.S. Magistrate Judge
*Printed Name and Title*

## Return

| Case No: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| --- | --- | --- |
| | | |

Inventory made in the presence of:

Inventory of the property taken and/or name of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the undersigned judge.

Date: ______________________________

______________________________
*Executing officer's signature*

______________________________
*Printed name and title*

Subscribed, sworn to, and returned before me this date:

Date: ______________________________

______________________________
*United States Magistrate Judge*

CLERK'S OFFICE
A TRUE COPY
Sep 24, 2026
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the
Eastern District of Wisconsin

In the Matter of the Search of:

DNA Sample by Buccal Swab and Fingerprints taken from MARLENA LARSON (DOB: 06/07/1975)

Case No. 26-MJ-519 (SCD)

## APPLICATION FOR A SEARCH WARRANT

I, Jeremy Leder, a federal law enforcement office officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment A-2.

located in the Eastern District of Wisconsin, there is now concealed:

DNA Sample Buccal Swab and Fingerprints from MARLENA LARSON (DOB: 06/07/1975).

The basis for the search under Fed. R. Crim P. 41(c) is:

☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1716 | Injurious Articles as Nonmailable |

The application is based on these facts: See attached affidavit.

☐ Delayed notice of _______ days (give exact ending date if more than 30 days:_______________) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
*Applicant's signature*

Jeremy Leder, US Postal Inspector
*Printed Name and Title*

Sworn to before me telephonically:

Date: September 24, 2026

[signature]
*Judge's signature*

City and State: Milwaukee, Wisconsin

Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed Name and Title*

# AFFIDAVIT

STATE OF WISCONSIN )<br>
) ss.<br>
DANE COUNTY )

I, Jeremy Leder, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I am a United States Postal Inspector and have been employed as a law enforcement officer with the United States Postal Inspection Service (USPIS) since 2006. The United States Postal Inspection Service maintains jurisdiction in Dane County, Wisconsin, which is in the Western District of Wisconsin. I am currently a member of the Contraband Interdiction and Investigation Team domiciled in Madison, Wisconsin. My duties are to investigate violations of postal law as it relates to mail theft, drug trafficking, and crimes against employees of the U.S. Postal Service (USPS). Additionally, my responsibilities include the investigation of the unlawful use of the U.S. Mail for criminal activity, including the transportation dangerous materials and substances through the U.S. Mail.

2. I received twelve weeks of Basic Inspector Training at the Career Development Unit located in Potomac, Maryland, that provided instruction on investigative techniques. In addition to my post basic training, I received additional specialized training in Chemical, Biological, Radiological, Nuclear, and Explosives (CBRNE) investigations. This training provided instruction on the deployment of screening tools to identify hazardous mailings and substances, mail screening

operations, and various techniques for investigating persons and organizations engaged in any unlawful conduct through the use of the mail.

3. Investigating dangerous and hazardous substances sent through the U.S. Mail often involves the forensic analysis of physical evidence. In particular, the analysis of evidence for deoxyribonucleic acid (DNA) can play a critical role in the investigation of dangerous mail offenses. I have previously participated in investigations in which DNA reference samples collected from suspects either voluntarily or through a search warrant were compared against DNA samples collected from physical evidence relevant to the cases. These comparisons can be of great value in either including or excluding suspects from cases but are not always dispositive on the issue of identification. Additionally, the analysis of latent fingerprints can play a critical role in the investigation of dangerous mail offenses. I have previously participated in investigations in which I have used known fingerprints from suspects and successfully matched them to latent fingerprints found on collected evidence of a crime.

4. I am submitting this affidavit for the purpose of establishing probable cause in support of the search of the persons of KIRK LARSON (DOB: 02/06/1974) and MARLENA LARSON (DOB: 06/07/1975) , and the seizure of a sample of DNA present in saliva and skin cells from inside of KIRK LARSON and MARLENA LARSON's mouths for the purpose of analyzing the samples for DNA and comparing same to DNA that has been or may be recovered from pieces of U.S. Mail seized during the course of a criminal investigation. Additionally, I am submitting this affidavit for the purpose of establishing probable cause in support of the search of the persons of KIRK

LARSON (DOB: 02/06/1974) and MARLENA LARSON (DOB: 06/07/1975), and the seizure of fingerprints which will be used to forensically compare to latent fingerprints which may be recovered from pieces of U.S. Mail seized during the course of a criminal investigation. I believe there is probable cause to conclude that such DNA and fingerprints are evidence of a crime pursuant to Rule 41(c), specifically, Injurious Articles as Nonmailable, in violation of 18 U.S.C. § 1716. I further believe that such DNA and fingerprints will be found upon the persons of KIRK LARSON and MARLENA LARSON described in Attachment A, which is incorporated by reference herein. Accordingly, I respectfully request a warrant to search KIRK LARSON and MARLENA LARSON. The reasons describing probable cause are more fully articulated below.

5. The collection of DNA samples will be accomplished in a manner that is minimally intrusive and poses no risk of harm to KIRK LARSON and MARLENA LARSON. Specifically, I, or another law enforcement official, will obtain KIRK LARSON and MARLENA LARSON's DNA by inserting one or more buccal (oral) swabs into his and her mouths and running each swab along their cheeks and inside of their lips. Likewise, the collection of fingerprints will be accomplished in a manner that is minimally intrusive and poses no risk of harm to KIRK LARSON and MARLENA LARSON. Specifically, I, or another law enforcement official, will obtain KIRK LARSON and MARLENA LARSON's fingerprints by using ink impressions onto a standard fingerprint card.

6. The information contained in this affidavit was obtained through the investigative efforts of my own personal investigation and the investigative efforts of other investigators. I believe the information provided by the collaborating law enforcement officers described herein to be true, accurate, and reliable as it was collected in the course of their official duties and investigation into this matter. This affidavit is intended to show merely that there is sufficient probable cause for the requested search warrant and does not set forth all of my knowledge about this matter.

7. I believe that there is probable cause to believe that KIRK LARSON and MARLENA LARSON committed the crime of Injurious Articles as Nonmailable, in violation of 18 U.S.C. § 1716.

**BACKGROUND ON NONMAILABLE ITEMS THROUGH USPS**

8. Based upon my training and experience concerning the mailing of nonmailable injurious articles, I am aware of the following:

a. That 18 U.S.C. § 1716(a) defines nonmailable matter as all kinds of poison, and all articles and compositions containing poison, and all poisonous animals, insects, reptiles, and all explosive, hazardous materials, inflammable materials, infernal machines, and mechanical, chemical, or other devices or compositions which may ignite or explode, and all disease germs or scans, and all other natural or artificial articles, compositions, or material which may kill or injure another, or injure the mails or other property, whether or not sealed as first-class matter.

b. That according to 18 U.S.C. § 1716(b), the U.S. Postal Service may permit transmission in the mails, under such rules and regulations as it shall prescribe as to preparation and packing, of any such articles which are not outwardly or of their own force dangerous or injurious to life, health, or property.

c. That 18 U.S.C. § 1716(j)(1) prohibits a person from knowingly depositing for mailing or delivery, or knowingly causing to be delivered by mail, according to the direction thereon, or at any place at which it is directed to be delivered by the person to whom it is addressed, anything declared nonmailable by 18 U.S.C. § 1716, unless in accordance with the rules and regulations authorized to be prescribed by the U.S. Postal Service.

d. That according to the United States Postal Service Publication 52, Hazardous, Restricted, and Perishable Mail, biological and regulated medical waste are not permitted in domestic mail except when they are intended for medical or veterinary use, research, or laboratory certification related to the public health; and only when such materials are properly prepared for mailings to withstand shocks, pressure changes, and other conditions related to ordinary handling in transit.

9. The mailings more fully described in this affidavit constitute a risk of exposure for USPS employees and the addressee to infection, injury, or disease through

contact with human or animal fecal matter; specifically, because the fecal matter was packaged and mailed in a manner which could cause physical and/or mental harm. Based on my training and experience I believe the mailings described in this affidavit fall under 18 U.S.C. § 1716(a) as a "material which may kill or injure another or injure the mails or other property."

## **FACTS**

10. On July 20, 2026, T.C. contacted the USPIS on behalf of his wife, A.C., to report she received a letter in the U.S. Mail which contained feces (Letter One). A.C. is employed by Aspect Compliance, which collects and processes campaign donations for the Tiffany for Wisconsin gubernatorial campaign. A.C.'s chief duty is to collect letters which contain campaign donations mailed to P.O. Box 620217, Middleton, Wisconsin 53562, and open and process the funds inside the envelopes. According to A.C. the Tiffany for Wisconsin campaign solicits campaign donations via U.S. Mail, and provides donors with a return envelope which is pre-addressed to "Attn: Tom Tiffany, Tiffany for Wisconsin, P.O. Box 620217, Middleton, WI 53562." Potential donors use the pre-addressed envelopes to mail their donations to the Tiffany for Wisconsin campaign. A.C. collects the letters from the Middleton P.O. Box and brings them back to her residence in DeForest, Wisconsin to open and process.

11. A.C. states on July 20, 2026, she was processing the donation envelopes for the Tiffany campaign when she opened Letter One. She stated Letter One contained a brown substance which looked and smelled like feces. A.C. stated the smell made her feel physically sick and nauseous. She said Letter One was mailed using the same

Tiffany for Wisconsin campaign return envelope that all the normal campaign donations were mailed in. A.C. placed Letter One in a plastic bag, and her husband, T.C., reported the incident to USPIS.

12. On July 21, 2026, I met T.C. at his residence in DeForest, Wisconsin to collect Letter One. Letter One was addressed to "Attn: Tom Tiffany, Tiffany for Wisconsin, P.O. Box 620217, Middleton, WI 53562." It was postmarked on July 16, 2026, in Milwaukee, Wisconsin. Handwritten on the back of Letter One were the words "OPEN! OPEN!" and "BIG MOOLA CHECK!" written in black ink. Inside the envelope of Letter One were pre-printed campaign documents from the Tiffany for Wisconsin campaign. Upon examining the documents inside Letter One I noticed there were several sections of the documents where someone used scissors to cut out specific words. I also noticed the four digit number "6714" printed in the bottom corner of one of the documents inside Letter One. Letter One also contained a Tiffany for Wisconsin donation coupon with feces smeared on the front and back. The donation coupon also had a section cut out with scissors. According to A.C., the sections of Letter One which were cut out contained the name and address of the person who originally received the donation mailing.

13. On July 27, 2026, I was contacted again by T.C., who reported his wife, A.C., received another Tiffany for Wisconsin donation envelope which contained feces (Letter Two). I met T.C. at his residence in DeForest, Wisconsin and retrieved Letter Two on July 27, 2026. The exterior envelope for Letter Two was identical to Letter One, and was addressed to "Attn: Tom Tiffany, Tiffany for Wisconsin, P.O. Box 620217,

Middleton, WI 53562." Letter Two was postmarked on July 22, 2026, in Milwaukee, Wisconsin. Handwritten on the back of Letter Two were the words "CABBAGE INSIDE" written in black ink. Letter Two contained Tiffany for Wisconsin campaign documents, which had a section cut out with scissors. One of the documents had feces smeared on the back, and the words "SURPRISE ASSHOLES!" handwritten in black ink. Letter Two also had a campaign donation coupon with feces smeared on it. The donation coupon had a small section cut out with scissors. One of the pieces of the documents inside Letter Two had the four-digit number "4844" printed in the bottom corner.

14. I know from my training and experience working investigations involving the U.S. Mail, that printing companies commonly use numeric codes printed on their mailings to help identify the addressee/sender in the event the mailing envelope is separated from the contents of the mailing. This is a common practice used by bulk mail marketing companies throughout the United States.

15. On July 28, 2026, I spoke to Stephen Bates, who is employed by Red Beacon Strategies, LLC. Bates stated his company works with the Tiffany for Wisconsin campaign to help solicit campaign donations. One of Bates' jobs is to maintain mailing lists of potential donors. Bates said he works with a printing company called The Mail Haus in De Pere, Wisconsin to print and mail the Tiffany for Wisconsin campaign donation mailings. I provided Bates the four-digit codes listed on Letter One and Letter Two, which were 6714 and 4844 respectively. I also provided Bates with the postmark dates on both letters. According to Bates, the original Tiffany for Wisconsin donation

mailings bearing mail codes 6714 and 4844, which make up Letter One and Letter Two, were mailed to James Larson, 8690 Townline Road, Kewaskum, Wisconsin 53040.

16. I spoke to Julie Herheim who is a customer service employee with The Mail Haus and works directly with Bates to manage the Tiffany for Wisconsin mailings. Herheim also confirmed the mailing codes listed on Letter One and Letter Two show the letters were mailed to James Larson, 8690 Townline Road, Kewaskum, Wisconsin 53040. Herheim said she knows this based on the mailing batch dates and the mailing codes I provided her with. Herheim said each mailing code is assigned to one mailing address per batch. Herheim also stated the mailing code is printed on the lower left corner of the original mailing envelope sent out to potential donors.

17. On August 10, 2026, I was notified by T.C. that his wife, A.C., discovered a third Tiffany for Wisconsin donation letter which contained feces (Letter Three). That same day I traveled to DeForest, Wisconsin and took possession of Letter Three from T.C. The exterior of Letter Three was similar to Letter One and Letter Two, and was addressed to "Attn: Tom Tiffany, Tiffany for Wisconsin, P.O. Box 620217, Middleton, WI 53562." Letter Three was postmarked on August 4, 2026, in Milwaukee, Wisconsin. Letter Three contained the original mailing envelope used to mail out the donation solicitation and a donor coupon. The donor coupon had feces smeared on it. The original mailing envelope had a hole cut out where the mailing address would have been printed. The original mailing envelope also had a four-digit mailing code of 7108 printed in the left bottom corner, and a mailing barcode printed in the right bottom corner.

18. I know from my training and experience investigating crimes using the U.S. Mail that the barcode on the original mailing envelope inside Letter Three is called an Intelligent Mail Barcode (IMb). This barcode is applied to letter mail by USPS during processing, and is used by various mail processing machines to direct each letter to its exact mailing address. I used a USPS database to decode the IMb barcode of the envelope found inside Letter Three. USPS records indicate this original mailing was addressed to 8690 Townline Road, Kewaskum, Wisconsin 53040.

19. I used a USPIS database to view images of packages and letter mail sent to 8690 Townline Road, Kewaskum, Wisconsin during a period between July 1st and August 29, 2026. During my review I found images of the following letters which were delivered to the address:

a. On or around July 10, 2026, a marketing mail letter from "Tom Tiffany" addressed to "Mr. James H. Larson, 8690 Townline Rd, Kewaskum, WI 53040-9440," with the mailing code "6714" printed in the bottom left corner.

b. On or around July 18, 2026, a marketing mail letter from "Tom Tiffany" addressed to "Mr. James H. Larson, 8690 Townline Rd, Kewaskum, WI 53040-9440," with the mailing code "4844" printed in the bottom left corner.

c. On or around July 28, 2026, a marketing mail letter from "Tom Tiffany" addressed to "Mr. James H. Larson, 8690 Townline Rd, Kewaskum, WI 53040-9440," with the mailing code "7108" printed

in the bottom left corner.

20. Based on what I know about the mailing codes previously mentioned in this affidavit, I know the mailing codes printed on the outside of the envelopes mentioned in subparagraphs a, b, and c are original mailing envelopes which delivered the contents found in Letter One, Letter Two, and Letter Three. I know this because the mailing codes listed on the outside of the letters match the codes listed in Letters One, Two, and Three. I also know based on USPS records the letters mentioned above were delivered to 8690 Townline Road, Kewaskum, Wisconsin by a USPS Letter Carrier, and there is no record of the letters being "return to sender." I know based on my training and experience this likely means the letters were retrieved by the residents of 8690 Townline Road, Kewaskum, Wisconsin.

21. I queried CLEAR (Consolidated Lead Evaluation and Reporting), an on-line law enforcement database, and open-source databases to research James Larson and the address 8690 Townline Road, Kewaskum, Wisconsin 53040. According to death records and open-source records, James Larson died on May 31, 2024. I searched those same databases, as well as USPS records, and learned that KIRK LARSON and MARLENA LARSON currently reside at 8690 Townline Road, Kewaskum, Wisconsin. According to Washington County, Wisconsin property records, KIRK LARSON and MARLENA LARSON have owned the property since 2013. Obituary records indicate KIRK LARSON is the son of James Larson.

22. During my review of images of U.S. Mail delivered to 8690 Townline Road, Kewaskum, Wisconsin 53040, which covered a 60-day period, I only saw

packages and letter mail in the names of KIRK LARSON, MARLENA LARSON, and James Larson. I know from my training and experience, as well as interviews with USPS employees, it is common for deceased individuals to continue to receive mail at their last known address after they die. I also know the mailing lists used by businesses and political campaigns do not always have mechanisms in place to know when someone on their mailing list is deceased, and will often times continue to send marketing mail to deceased individuals.

23. I reviewed Wisconsin vehicle registration data and found the only individuals who have vehicles registered at 8690 Townline Road, Kewaskum, WI are KIRK LARSON and MARLENA LARSON. I also reviewed Wisconsin driver's license data and found the only individuals listing 8690 Townline Road, Kewaskum, Wisconsin as their residence are KIRK LARSON and MARLENA LARSON. Based on my investigation I believe there is evidence to suggest the only individuals who reside at 8690 Townline Road, Kewaskum, Wisconsin are KIRK LARSON and MARLENA LARSON.

24. I know based on my investigation of Letter One, Letter Two, and Letter Three that the contents of those mailings were delivered to the residence of KIRK LARSON and MARLENA LARSON, prior to being mailed to the P.O. Box of the Tiffany for Wisconsin campaign. Since I know Letter One, Letter Two, and Letter Three were altered to remove personal information which would identify the sender, I also know doing so would require handling and manipulation of the letters. I know from my training and experience that this handling and manipulating transfers skin cells, oils,

and other substances which contain DNA that could be recovered from Letter One, Letter Two, and Letter Three. Additionally, I know from my training and experience that this handling and manipulating would likely transfer latent fingerprints from the person who handled Letter One, Letter Two, and Letter Three. Because KIRK LARSON and MARLENA LARSON are the only individuals who reside at 8690 Townline Road, Kewaskum, Wisconsin, I believe it is likely they were involved, either together or individually, in the preparation and mailing of Letter One, Letter Two, and Letter Three.

25. I also know from my training and experience that feces, whether animal or human, contains large quantities of DNA from the animal or human who produced it. Since Letter One, Letter Two, and Letter Three all contained a substance which looks and smells like feces, it is possible to obtain a DNA profile from the feces smeared on each letter. Because KIRK LARSON and MARLENA LARSON are the only individuals who reside at 8690 Townline Road, Kewaskum, Wisconsin, obtaining DNA Sample Buccal Swabs from them would likely produce evidence that could be used to prove they committed violations of 18 U.S.C. § 1716.

**26.** In many cases involving forensic fingerprint evidence investigators will first attempt to obtain known fingerprints of specific individuals taken by law enforcement during routine booking. Because KIRK LARSON and MARLENA LARSON have no criminal history, I am unable to locate any fingerprints on file for either of them. Obtaining a search warrant to collect the fingerprints of KIRK LARSON

and MARLENA LARSON is the only method to obtain known fingerprints of each person.

27. I know that 8690 Townline Road, Kewaskum, Wisconsin is located in the Eastern District of Wisconsin.

## CONCLUSION

28. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41.

29. I further request that The United States Postal Inspection Service, or designated law enforcement partners, be permitted to collect DNA samples and fingerprints from KIRK LARSON and MARLENA LARSON pursuant to the warrant.

30. I further request that the Court authorize execution of the warrant at any time of the day or night.

Dated this 21st day of September, 2026

/s/

Jeremy Leder
United States Postal Inspector
The United States Postal Inspection Service

## ATTACHMENT A-1

| | |
|---|---|
| Name: | KIRK LARSON |
| Date of Birth: | 02/06/1974 |
| FBI Number: | None |
| Currently Residing: | 8690 Townline Road, Kewaskum, WI 53040 |

# ATTACHMENT A-2

| | |
|---|---|
| Name: | MARLENA LARSON |
| Date of Birth: | 06/07/1975 |
| FBI Number: | None |
| Currently Residing: | 8690 Townline Road, Kewaskum, WI 53040 |

# ATTACHMENT B

1. Buccal swab of saliva and cheek cells.

2. Complete rolled fingerprints of the persons described in Attachment A, including palm prints.

    a. Law enforcement personnel are authorized to use means reasonably necessary to obtain the aforementioned items, including directing the persons described in Attachment A to position their hands in various positions, and to apply harmless substances to the fingers and palms necessary to obtain fingerprints.